**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| VOLHA SALANOVISH,<br><br>Petitioner,<br><br>v.<br><br>LUIS SOTO, *et al.*,<br><br>Respondents. | Civil Action No. 26-8718 (JXN)<br><br>**OPINION** |

**NEALS**, District Judge

Before the Court is Petitioner Volha Salanovich's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 challenging her continued detention. (*See* ECF No. 1.) Respondents ("Government") filed a response. (ECF No. 5.) Petitioner replied (ECF No. 6), and filed a supplemental letter (ECF No. 7). Having considered the parties' submissions in support of and opposition to the Petition, the Court decides the Petition without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, Petitioner's § 2241 Petition is **GRANTED**.

## I. BACKGROUND

Petitioner, a citizen of Belarus, is subject to a final order of removal from February 7, 2013. (Gov't Opp'n at 1, ECF No. 5.) Petitioner entered the United States in June 2010 on a J-1 exchange visitor visa. (Habeas Pet. at 2, ECF No. 1.) Petitioner overstayed her visa and was issued a final order of removal. (*Id.*; Gov't Opp'n at 1.) On February 7, 2013, an Immigration Judge granted

Petitioner withholding of removal to Belarus. (Habeas Pet. at 2.) Since then, Petitioner has lived in the United States without an order of supervision. (*Id.*)

Thirteen years later, on July 12, 2026, Immigration and Customs Enforcement ("ICE") agents detained Petitioner at the Newark Airport as she was scheduled to fly to Los Angeles. (*Id.* at 3.) Petitioner remains detained as of the date of this Opinion.

On July 14, 2026, Petitioner filed the instant Petition challenging her detention. (*Id.*) Respondents answered on July 30, 2026. (Gov't Opp'n.) Petitioner filed a reply and a supplemental letter. (Pet. Reply, ECF No. 6; Supp. Letter, ECF No. 7.) This matter is ripe for consideration.

## II. LEGAL STANDARD

A federal court may grant habeas relief only when the petitioner (1) "is in custody," and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The petitioner has the burden of showing their custody violates the Constitution or federal law. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III. DISCUSSION

Petitioner challenges her ongoing post-final order of removal detention pursuant to 8 U.S.C. § 1231, arguing her detention has become prolonged, and her removal is not likely in the reasonably foreseeable future. (*See generally* Habeas Pet.)

When a noncitizen is ordered to be removed, the Attorney General has ninety days to effect their removal. 8 U.S.C. § 1231(a)(1)(A). However, a noncitizen "may be detained beyond the [ninety-day] removal period." 8 U.S.C. §§ 1231(a)(1), (6). That said, after "removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute," and the noncitizen

must be released. *Zadvydas*, 533 U.S. at 699. The statute does not allow "indefinite, perhaps permanent, detention." *Id.* Otherwise, § 1231 would pose "a serious constitutional threat." *Id.* Thus, post-removal order detention is limited to a period "reasonably necessary to bring about that [noncitizen's] removal from the United States." *Id.* at 689. Six months of post-removal order detention is "presumptively reasonable." *Id.* at 701. "After this [six]–month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* Thus, a noncitizen is not necessarily entitled to release after six months of post-removal order detention. Instead, detention may continue until no significant likelihood of removal in the reasonably foreseeable future exists. *Id.* But "as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.*

Petitioner argues that there is no significant likelihood of removal in the foreseeable future, as she has been granted withholding of removal to Belarus and the Department of Homeland Security ("DHS") has failed to identify a third country of removal for thirteen years, obtain travel documents, or execute removal. (Habeas Pet. at 21–25.) In her supplemental letter, Petitioner notes that she is experiencing worsening of several medical conditions. (Supp. Letter.) In its answer, the Government failed to produce any evidence that a third country has agreed to receive Petitioner. (Gov't Opp'n.) Rather, the Government indicates that "ICE does not have further information or documentation regarding its efforts to facilitate removal to a third country at this time." (*Id.* at 3.) The Government, therefore, asks the Court to rule on the existing record. (*Id.*) Finally, the Government argues that "Petitioner has not alleged that she has taken any effort to facilitate her removal to a third country" and courts have held that a petitioner's "failure to cooperate in

obtaining travel documents precludes a finding that [] her removal is not reasonably foreseeable." (*Id.*)

The Government's position is unconvincing. To start, it has no basis in fact. To be sure, Courts in this District have found a petitioner who refuses to cooperate in their removal cannot establish there is no likelihood of removal in the reasonably foreseeable future. *See Ugarte v. Green*, No. 17-1436, 2017 WL 6376498 at * 3 (D.N.J. Dec. 13, 2017) (collecting cases). But here, the record is devoid of any facts or argument showing Petitioner actively hindered the Government's ability to remove her. There is no indication Petitioner refused to provide any necessary information, lied, or in any way stopped the Government from securing a travel document to a third country. As such, the Court finds no evidence that Petitioner has actively impeded the Government's ability to remove her to a third country.

More to the point, the Government admits ICE has no documentation or information regarding its efforts to remove Petitioner to a third country. As the Government does not argue it has done anything to secure a travel document for Petitioner's removal to a third country, the Court finds Petitioner has met her initial burden of showing her removal is not likely in the reasonably foreseeable future.

Accordingly, the Government has not provided sufficient evidence to rebut Petitioner's showing that there is no significant likelihood of removal in the reasonably foreseeable future. *Zadvydas*, 533 U.S. at 701. Indeed, the Government fails to make any argument about the likelihood of Petitioner's removal in the reasonably foreseeable future. (*See* Gov't Opp'n.) As such, Petitioner is entitled to release, and the Petition shall be granted.

## IV. CONCLUSION

For the reasons stated above, the Petition (ECF No. 1) is **GRANTED**. The Government shall **RELEASE** Petitioner from custody under the same conditions of release that existed immediately prior to her July 12, 2026, detention. The Court also finds it appropriate to **PROHIBIT** the Government from re-detaining Petitioner unless there is a significant likelihood of her removal in the reasonably foreseeable future. An appropriate Order accompanies this Opinion.

**DATED**: 8/20/2026

**JULIEN XAVIER NEALS**
**United States District Judge**